IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas David McWaters, | No. CV-17-03974-PHX-SPL |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court has also received Respondents' Answer (Doc. 9), Petitioner's Reply to the Answer (Doc. 10), the Report and Recommendation of Magistrate Judge Bridget S. Bade (Doc. 11), and Petitioner's Objections to the Report and Recommendation (Doc. 12).

In Grounds 1 and 2 of his habeas Petition, Petitioner argues that his trial counsel was ineffective in connection with plea negotiations and advice. (Doc. 1 at 6-8.) In Ground 3, Petitioner argues that his trial counsel was ineffective for failing to investigate defenses to the charges against Petitioner. *Id*. at 9-10. In Ground 4, Petitioner alleges that his post-conviction counsel was ineffective during his of-right proceeding pursuant to Arizona Rule of Criminal Procedure 32. *Id*. at 11; *Ariz. R.Crim. P. 32.1*.

Respondents argue that Petitioner's claims are untimely. (Doc. 9 at 14.) The Magistrate Judge concluded that Petitioner's habeas Petition was untimely filed and therefore, Petitioner is not entitled to habeas relief. (Doc. 11 at 7.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. Petitioner's objections to the findings and recommendations have also been carefully considered. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Bade.

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to statutory or equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. (Doc. 12 at 1.) This Court finds that the Magistrate Judge correctly concluded that the Petition was untimely and that Petitioner is not entitled to either statutory or equitable tolling. (Doc. 11 at 4-7.) As the Magistrate Judge correctly noted, "[t]he AEDPA statute of limitations had already expired by the time Petitioner commenced [his October 8, 2015] post-conviction action," and thus, Petitioner's 2015 post-conviction proceeding did not statutorily toll the limitations period. *Id*. at 5; *citing Ferguson v. Palmateer*, 321 F.3d. 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") Further, the Magistrate Judge correctly determined that

Petitioner failed to meet his burden of showing that an extraordinary circumstance prevented him from filing a timely habeas petition, and therefore, Petitioner is not entitled to equitable tolling. (Doc. 11 at 7.)

Having carefully reviewed the record, Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That Petitioner's Objections (Doc. 12) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 14th day of November, 2018.

Honorable Steven P. Logan
United States District Judge